Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Christina Thompson, SBN 294505
christina@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. COPYRIGHT INFRINGEMENT;** |
| MICHAELS STORES, INC., a Delaware Corporation; HALCRAFT USA, INC., a New York Corporation; BARBARA WALLACH, an individual; ALFRED WALLACH, an individual; and DOES 1 through 10. | **2. CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorney, sues Defendants Michaels Stores, Inc., Halcraft USA, Inc., Barbara Wallach, Alfred Wallach, and Does 1-10 and alleges:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), and 1400(a) because Defendants conduct business in this District by advertising in and shipping goods to this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3. Plaintiff LA Gem is a California corporation having a place of business at 659 S. Broadway, Los Angeles, California 90014. LA Gem also provides services and goods under its LA Rocks service mark and trademark.

4. Upon information and belief, Defendant Michaels Stores, Inc. ("Michaels") is a Delaware Corporation with its principal place of business located at 8000 Bent Branch Dr., Irving, Texas 75063-6023 and Michaels does business in and with the State of California and, in particular, within this District.

5. Upon information and belief, Defendant Halcraft USA, Inc. ("Halcraft"), is a New York corporation with its principal place of business located at 60 S Macquensten Parkway, Mt. Vernon, New York 10550-1741 and Halcraft does business in and with the State of California and, in particular, within this District.

6. Upon information and belief, Defendant Barbara Wallach is an individual residing in the city of Palm Gardens, Florida, Chief Executive Officer and/or owner of Defendant Halcraft, and does business in and with the State of California and, in

particular, within this District. Plaintiff is further informed and believes, and upon that basis alleges, that Defendant Barbara Wallach is a principal in the corporate Halcraft defendant and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

7. Upon information and belief, Defendant Alfred Wallach is an individual residing in the city of Palm Gardens, Florida, Vice President and/or owner of Defendant Halcraft, and does business in and with the State of California and, in particular, within this District. Plaintiff is further informed and believes, and upon that basis alleges, that Defendant Alfred Wallach is a principal in the corporate Halcraft defendant and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

8. LA Gem is informed and believes, and on that basis alleges, that Defendants Does 1 through 5, inclusive, are manufacturers and/or vendors of jewelry, and have manufactured and/or supplied, and/or are manufacturing and/or supplying, jewelry improperly incorporating LA Gem's copyrighted design(s) (as hereinafter described) without LA Gem's knowledge or consent, or are otherwise liable for secondary copyright infringement. The true names, whether corporate, individual, or otherwise of Does 1 through 5, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

9. Defendants Does 6 through 10, inclusive, are other parties not yet identified who have infringed LA Gem's copyrights, have contributed to the infringement of LA Gem's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 6 through 10, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

10. LA Gem is informed and believes, and on that basis alleges, that at all times

relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of LA Gem's rights and the damages to LA Gem proximately caused thereby.

## FACTS COMMON TO ALL COUNTS

11. LA Gem is a designer and creator of jewelry whose jewelry pieces are sold by numerous national retailers.

12. LA Gem is the designer and creator of the original artwork (as hereinafter described), all prior to Defendants' conduct complained of herein.

13. Upon information and belief, Defendants Michaels, Halcraft, Barbara Wallach and Alfred Wallach are retailers, manufacturers, and/or distributors of jewelry to the jewelry industry, and are in the business of manufacturing, marketing, and selling jewelry products that are available for purchase and use across the United States, including in this District in Michael's brick and mortar stores.

## COMMON ALLEGATIONS RELATED TO
## MOON PENDANT

14. In 2011, LA Gem created its original design entitled LA Rocks I Love You to the Moon and Back: 440811 ("Moon Pendant"). as pictured below:



15. Thereafter, LA Gem registered the copyright in the Moon Pendant with the United States Copyright Office, and was granted Registration No. VA 1-912- on

November 21, 2013.

16. At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the Moon Pendant. The Moon Pendant is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

17. Since the creation of the Moon Pendant, LA Gem has been and still is the sole proprietor of all rights, title, and interest in and to the copyright therein and Certificates of Registration corresponding therewith.

18. Since its creation, the Moon Pendant has been manufactured and/or distributed by LA Gem or under its authority.

19. LA Gem has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Moon Pendant or any jewelry products substantially similar thereto.

20. Upon information and belief, all Defendants, and each of them, have engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of the Moon Pendant.

21. Upon information and belief, all Defendants have sold unauthorized and infringing copies of at least the Moon Pendant, which bear a design that is substantially similar – if not strikingly similar – to the authentic Moon Pendant at retail, at wholesale, and through retailers. The infringement is so brazen that it copies LA Gem's Designer's cursive handwriting. All of the foregoing acts occurred without LA Gem's consent.

22. Upon information and belief, Defendants have sold the unauthorized infringing copies of the Moon Pendant to the public, including customers in this district, at retail, at wholesale, and through retailers.

### First Cause Of Action
(Copyright Infringement)

23. LA Gem hereby realleges and incorporates the allegations in paragraphs 1

1   through 22 of this Complaint as if fully set forth herein.

2       24.    Defendants' jewelry depicted below constitutes infringement of LA Gem's copyright in the Moon Pendant in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*



    25.    LA Gem is informed and believes that Defendants' manufacture, distribution, duplication and/or sale of infringing copies of LA Gem's Moon Pendant was deliberate, willful, malicious, oppressive, and without regard to LA Gem's proprietary rights.

    26.    Defendants' copyright infringement has caused, and will continue to cause LA Gem to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyright in LA Gem's Moon Pendant and further, has damaged LA Gem's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined. In addition, LA Gem is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, LA Gem is entitled to recover statutory damages, on election by LA Gem in an amount of up to $150,000 per copyright registration.

    27.    Defendants' copyright infringement and the threat of continuing infringement has caused, and will continue to cause, LA Gem repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford LA Gem adequate relief at law for Defendants' acts and continuing acts. LA Gem's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, LA Gem is entitled to preliminary and

permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of LA Gem's Pendants, and all molds by which such infringing copies were produced, be seized, impounded, and destroyed.

28. LA Gem is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action
(Contributory and/or Vicarious Copyright Infringement)

29. LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sale of products bearing LA Gem's Moon Pendant as alleged in this Complaint.

31. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, are vicariously liable for the copyright infringement alleged in this Complaint because they had the right and the ability to supervise such infringement and because they had a direct financial interest in the infringing conduct.

32. By virtue of Defendants' contributory and/or vicarious copyright infringement, LA Gem has suffered substantial damages to its business in an amount to be established at trial.

33. By virtue of Defendants' contributory and/or vicarious copyright infringement, LA Gem has suffered general and special damages in an amount to be established at trial.

34. By virtue of Defendants' contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits that they would not have realized but for their infringement of LA Gem's Moon Pendant. As

such, LA Gem is entitled to disgorgement of Defendants' profits that are directly and indirectly attributable to their acts of infringement in an amount to be established at trial.

    35.    LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, have continued to import, manufacture, cause to be manufactured, and/or sell the infringing product with knowledge that such acts violated LA Gem's intellectual property rights.  Therefore, Defendants' acts of copyright infringement as alleged above, were and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per each act of infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated, palmed-off, and/or infringed LA Gem's Moon Pendant, which renders Defendants, and each of them, liable for statutory damages as described above.  Within the time permitted by law, LA Gem will elect between actual or statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LA Gem prays for judgment against Defendants as follows:

    A.    That the Court enter a judgment against Defendants that Defendants have infringed the rights of LA Gem in LA Gem's federally registered copyrights under 17 U.S.C. § 501.

    B.    That the Court issue a Preliminary Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

        i.    manufacturing, producing, advertising, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendants that is substantially similar to LA Gem's Pendants;

        ii.    destroying any documents, electronic files, wax models, molds, business

records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

    iii.    engaging in any other activity constituting an infringement of LA Gem's copyrights of LA Gem's Moon Pendant.

C.    That LA Gem be awarded damages for Defendants' copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of LA Gem's copyrights; or (ii) statutory damages in an amount provided by law, as set forth in 17 U.S.C. § 504, at LA Gem's election before the entry of final judgment, together with prejudgment and post-judgment interest.

D.    That the Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, advertising, selling or using any jewelry that is substantially similar to LA Gem's Moon Pendant or any other jewelry that infringes LA Gem's copyrights.

E.    That the Court award LA Gem its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

F.    That the Court award LA Gem its costs of suit incurred herein.

G.    That LA Gem be awarded such other relief as may be appropriate.

Dated:  September 16, 2016                Respectfully submitted,

                                              **MILORD & ASSOCIATES, P.C.**

                                              <u>/s/ Milord A. Keshishian</u>
                                              Milord A. Keshishian
                                              Attorneys for Plaintiff
                                              L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## **DEMAND FOR JURY TRIAL**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated: September 16, 2016     **MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian

Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.